STRICKLAND *v.* STATE.*

(Division A.  May 19, 1924.)

[100 So. 184.  No. 23828.]

INTOXICATING LIQUORS.  *Taxicab driver who takes liquor in car to drink not guilty of unlawful transportation; "to any person."*
Under section 1, chapter 189, Laws 1918 (section 2136a, Hemingway's Code Supp. 1921), a taxi driver is not guilty of unlawfully transporting liquor, where he takes it in his car to drink and does not undertake to transport it "to any person" at another place within the state.

---

*Headnote 1.  Intoxicating liquor, 33 C. J., section 197 (1925 Anno.)

APPEAL from circuit court of Jones county.
HON. R. S. Hall, Judge.
Herbert Strickland was convicted of transporting intoxicating liquor, and he. appeals.  Judgment reversed, and defendant discharged.

*Collins & Collins,* for appellant.

The indictment in this case is drawn under chapter 189 of the Laws of 1918, section 2136a, Hemingway's Annotated Mississippi Code, Supplement of 1921.  It doubtless will not be disputed that such highly penal statutes must be strictly construed and always in favor of the defendant.  The only meaning that can be given this statute, and which it seems to us is plain and patent on its face, and is unambiguous, is, that the legislature intended to make it a crime for any person to transport whiskey from outside of the state into the state or from one point to another in the state for personal use or for hire, and then in order that he might be guilty of a violation of the statute, it was intended that he be in possession or control of the whiskey itself while it was being transported.

Here the only evidence we have in the case, is to the effect that a man bought some whiskey and got into another man's car and paid the other man, who was engaged in the taxi business, to transport his person from one place to another and paid nothing for the transportation of the whiskey. To hold that a man is guilty of a violation of this statute if he allowed intoxicating liquor to be carried in his automobile knowingly would be engrafting an exception upon the letter and meaning of the statute.

To illustrate this proposition further, could it be said that if a man should get on a train with a bottle of whiskey in his pocket, and the conductor of the train knew that he had whiskey in his pocket, or saw the whiskey in his pocket, then the conductor could be convicted of unlawfully transporting whiskey within the meaning of this statute? Or could it be said that, under such circumstances, the railroad company could be convicted of transporting whiskey within the meaning of this statute? We are unable to see how any such meaning could be given to this statute and this is the very kind of case we have before us now. We are unable to see how it can be said that one who knowingly allows intoxicating liquor to be carried in his automobile, by a person who has engaged him for hire, to carry him from one place to another, is guilty of the violation of this statute.

*F. S. Harmon,* Assistant Attorney-General, for the state.

Appellant insists that chapter 189 of the Laws of 1918, section 2136A. Hemingway's Supplement, does not cover any such state of facts as that on which this affidavit was predicated.

Appellant insists that the legislature only intended to make it a crime for any person to transport whiskey from outside of the state into the state, or from one point to another in the state, *for personal use or for hire.* The answer is that the statute does not so read. The statute makes it unlawful for any person to transport liquor from

place to place within this state, save as provided in section 12 of the act. The testimony and the verdict of the jury based thereon, established the fact that the appellant committed the prohibited act.

HOLDEN, J., delivered the opinion of the court.

Herbert Strickland appeals from a conviction on a charge of unlawfully transporting intoxicating liquors in an automobile from one point within the state to another point within the state, under chapter 189, Laws of 1918 (section 2136a, Hemingway's Supplement). Section 1 of said act reads as follows:

"That it shall be unlawful for any railroad company, express company or any common carrier, or any officer, agent or employee of any of them, or any other person, to ship or to transport into, or to deliver into this state in any manner, or by any means whatsoever, any spirituous, vinous, malted, fermented, or other intoxicating liquors of any kind whether intended for personal use or otherwise, or whether in the original package or otherwise, from any point without this state to any point within this state, or from place to place within this state, to any person, firm or corporation within this state, save as provided in section 12 of this act."

The facts upon which the state bases the conviction are as follows: Strickland was a taxi driver in the city of Laurel, and for hire undertook to transport Ira Short and two girls from Laurel to Blodgett, Miss. Soon after leaving Laurel and proceeding toward Ellisville, Strickland stopped his car in front of a house and inquired about getting some whisky. They then proceeded down the road and stopped at a thicket where Short obtained from a man named Pitts two Coca-Cola bottles full of whisky, which they took in the car, Strickland paying for it, and then proceeded on their journey to Blodgett. Strickland and Short very soon drank the whiskey, became intoxicated, and it finally wound up in a difficulty between the two men, which resulted in all parties returning to Laurel. This charge was then made against

Strickland for transporting liquor under the above statute.

A simple statement of the facts shows there was no violation of the statute here involved, for the reason that Strickland did not transport intoxicating liquor from one point "to any person" at another point, within the state. The liquor was obtained by the passengers Short and Strickland to be drunk by them, and was drunk by them shortly afterwards while proceeding on their journey toward the point of destination.

The liquor was not obtained for the purpose of being carried from one point "to any person" at another point. It is clear to us the statute was intended to prohibit the transportation of liquor in the manner prescribed by its terms. The complaint of the state is not of having liquor in possession, but is a charge of unlawfully transporting liquor from one point to a person at another point.

If Strickland had secured the liquor from Pitts or had made it himself, and had undertaken for himself or some one else, to transport it "to any person" at another point, he would have violated the statute involved; but such is not the case before us, and therefore the proof does not sustain the charge under the statute referred to, which was enacted for a different purpose.

The judgment of the lower court is reversed and the appellant discharged.

*Reversed, and appellant discharged.*